UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN JACOB ORT,

        Petitioner,                                    Case No.  1:08-CV-367

v.                                                      Hon. Robert J. Jonker

MARY BERGHUIS,

        Respondent.

_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 5) filed on June 2, 2008.  Petitioner filed his Objection to the Report and Recommendation (docket # 6) on June 20, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Petitioner makes three objections to the Report and Recommendation.  First, he argues that he is entitled to resentencing because he alleges that the sentencing judge miscalculated the applicable guideline range.  Second, he argues that, under *Blakely v. Washington*, 542 U.S. 296 (2004), his sentence is unconstitutionally predicated on facts not found by a jury.  Finally, he argues that his sentence was unconstitutionally excessive.

As explained in the Report and Recommendation, Petitioner's arguments are without merit.  First, Petitioner's argument that the sentencing judge miscalculated the applicable guideline range does not establish a cognizable habeas claim.  *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) ("In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations. Therefore, any error in calculating his guideline score alone does not merit habeas relief.")  Second, *Blakely* is not implicated in this case because Petitioner's sentence did not exceed the statutory maximum.  Furthermore, Michigan courts have indicated that Michigan's

2

sentencing system is unaffected by *Blakely*.  *People v. Hernandez*, No. 250008, 2005 WL 1750773, at *2 (Mich. Ct. App. July 26, 2005) (citing *People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004); *People v. Drohan*, 689 N.W.2d 750, 757 n.4 (Mich. Ct. App. 2004)).  Finally, Petitioner's sentence does not offend the Eighth Amendment.  *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) (alteration in original))); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995) (citing *Solem v. Helm*, 463 U.S. 277 (1983); *Rummel v. Estelle*, 445 U.S. 263 (1980); *United States v. Dumas*, 934 F.2d 1387 (6th Cir. 1990)) (holding that a habeas court will not engage in proportionality analysis to determine whether a sentence was excessive unless the petitioner was sentenced to death or life in prison.).

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1).  Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).  If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." *Id.*

The Court's dismissal of this action under Rule 4 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  The Court is invoking the procedural bar provided by Rule 4 to dispose of the case, and as a result Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 2, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.     Petitioner's 28 U.S.C. § 2254 petition for habeas relief is summarily DISMISSED; and

2.     A certificate of appealability is DENIED.

Dated:   July 29, 2008              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE